**Abatement Order filed January 7, 2020**



In The

# Fourteenth Court of Appeals

_____

NO. 14-19-00314-CV

_____

## FAIR OAKS HOUSING PARTNERS, LP INDIVIDUALLY AND D/B/A MAXEY VILLAGE APARTMENTS AND MAXEY APARTMENTS, LLC, Appellants

### V.

### EDWIN HERNANDEZ, Appellee

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-74985**

## ABATEMENT ORDER

Appellants' notice of appeal states their desire to appeal from "the Default Judgment of October 30, 2014 and the Order Denying Defendants' Motion to Set Aside Default Judgment, signed by the Court on February 28, 2019." It appears the default judgment is interlocutory under Texas Rule of Civil Procedure 240, which states:

> Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the case may proceed or be postponed as to the others.

Tex. R. Civ. P. 240. Neither the default judgment nor the order denying the motion to set aside the default judgment appears to be final or otherwise appealable.

On July 8, 2015, the plaintiff filed a motion to sever defendants S&D Construction and Jose Espinal, otherwise known as Jose Santos. The record does not reflect a ruling on the motion to sever. On November 2, 2015, the trial court signed an order of nonsuit regarding defendant Jose Espinal. It appears from the record that S&D Construction remained as a defendant after Espinal was non-suited.

Texas Rule of Appellate Procedure 27.2 permits a court of appeals to allow a non-final appealed order "to be modified so as to be made final." Tex. R. App. P. 27.2; *see Rebector v. Angleton Dansbury Hosp. Dist.*, No. 14-08-00811-CV, 2010 WL 2681721 (Tex. App.—Houston [14th Dist.] July 8, 2010, pet. denied) (mem. op.) (abating appeal to allow interlocutory default judgment to be made final). Further, the Supreme Court of Texas has advised that if an appellate court is uncertain about a trial court's intent to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

Under the authority of Rule 27.2 and *Lehmann*, we abate this appeal and remand to the trial court to permit the trial court to clarify its intent and the parties to obtain a final judgment if warranted. Any party who wishes to appeal from such a final judgment shall file an amended notice of appeal. A supplemental clerk's record containing any such judgment and a transcript of any hearing held in connection with this order shall be filed with this court by **February 6, 2020.**

2

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

Appellee's motion to dismiss for lack of jurisdiction, filed November 6, 2019, remains pending.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.